IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LADARRYL PETTWAY, #252 482, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-907-WHA-CSC |
| ) | [WO] |
| A.D.O.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility, filed this 42 U.S.C. § 1983 action on November 9, 2020. He challenges the provision of medical care received during his incarceration at the Bibb Correctional Facility. The Bibb Correctional Facility is in Brent, Alabama. Brent, Alabama, is within the jurisdiction of the United States District Court for the Northern District of Alabama. Upon review, the court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[1]

### II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided

---

[1] Upon filing the complaint, Plaintiff did not submit the filing and administrative fees nor did he file a motion in support of a request for leave to proceed *in forma pauperis*. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses,  in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The actions about which Plaintiff complains occurred at the Bibb Correctional Facility. Bibb is located within the jurisdiction of the United States District Court for the Northern District of Alabama. The evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama, and a majority of the witnesses to the challenged conduct which occurred at the Bibb Correctional Facility reside in the Northern District of Alabama.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

**On or before November 30, 2020**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

---

[2]In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of November 2020.

      /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE